```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|                          |   |                          |
|--------------------------|---|--------------------------|
| LLOYD GEORGE MORGAN, JR.,| : |                          |
| v.                       | : | CIV. NO. 3:10CV1361 (JCH)|
| BRIAN K. MURPHY, ET AL.  | : |                          |

<u>RULING AND ORDER ON MOTION TO PAY FOR DEPOSITIONS [DOC. # 39] AND FOR AN INDEPENDENT MEDICAL EXAMINATION [DOC. # 41]</u>

Plaintiff Lloyd George Morgan, Jr. filed a Motion for the Court to Pay for Depositions [doc. # 39] and a Motion for the Court to Pay for an Independent Medical Examination [doc. # 41]. Plaintiff, who is represented by counsel, argues that the Court should authorize payment for the depositions and a medical examination because he is indigent.

As to the depositions, plaintiff maintains that he needs to depose the named defendants as part of discovery. In forma pauperis status does not include the right to have depositions funded by the Court. By authorizing indigent persons to file an action without prepayment of the filing fee, 28 U.S.C. § 1915 does not authorize the payment of deposition expenses by the court. <u>See</u> <u>Alston v. Pafumi</u>, Civil No. 09 CV 1978 (CSH), 2011 WL 63420, at *1 (D. Conn. Jan. 5, 2011) (citing <u>Jackson v. Woodford</u>, Civil No. 05 CV 0513-L(NLS), 2007 WL 2580566, at *1 (S.D.Cal.

Aug. 17, 2007)("Pursuant to 28 U.S.C. § 1915(a), [p]laintiff's in forma pauperis status entitles him to ... free service of process by United States Marshals, however, it does not entitle him to waiver of witness fees, mileage or deposition officer fees.")(citations omitted); Murray v. Palmer, No. 903-CV-1010 (DNH/GHL), 2006 WL 2516485, at *4 (N.D.N.Y. Aug. 29, 2006)("a litigant proceeding in forma pauperis does not have a right to a waiver of (1) the cost of a deposition stenographer, (2) the daily attendance fee and mileage allowance that must be presented to an opposing witness under Rule 45 of the Federal Rules of Civil Procedure, or (3) the copying cost of any deposition transcripts.")(footnotes omitted); Tajeddini v. Gulch, 942 F. Supp. 772, 782 (D. Conn. 1996)(denying plaintiff's motion to depose defendants because plaintiff did not indicate how he would pay deposition expenses and in forma pauperis status does not require advancement of funds by the court for deposition expenses)).

Further, plaintiff's motion fails to set forth any information that would enable the Court to determine the reasonableness or necessity of the depositions and fails to specify which of the numerous defendants, twenty-nine in total, plaintiff wishes to depose. See Ebenhart v. Power, 309 F. Supp. 660 (S.D.N.Y. 1969) (denying motion for costs. Therefore, plaintiff's request for the Court to pay for the cost of deposing

2

defendants is DENIED.

As to the medical examination, plaintiff argues that an MRI is necessary to confirm or deny his allegations of suffering a brain tumor or other illness in his neck and head. Akin to the request for deposition costs, there is no statutory authority to pay a medical examination as part of discovery for a plaintiff proceeding in forma pauperis. See Toliver v. Community Action Com'n to Help the Economy, Inc., 613 F. Supp. 1070 (S.D.N.Y. 1985), aff'd, 800 F.2d 1128, cert. denied, 479 U.S. 863. Therefore, plaintiff's request for the Court to pay for a medical examination is DENIED.

For these reasons, plaintiff's Motion for the Court to Pay for Depositions **[doc. # 39]** is **DENIED** and Motion for the Court to Pay for Medical Examination **[doc. # 41]** is **DENIED**.

SO ORDERED at Bridgeport this 8th day of July 2011.

                                        /s/
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE